IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL ANN ZALESKI and DAVID ZALESKI<br>Plaintiffs,<br><br>v.<br><br>MELT RESTAURANT GROUP, LLC; JOHN DOES (1-10) and/or RICHARD ROES (1-10), said names John Doe and Richard Roe being fictitious designation, individually, jointly, severally or in the alternative,<br><br>Defendants. | COMPLAINT<br>JURY TRIAL DEMANDED |

## PARTIES

1. Plaintiffs reside at 627 Windsor Way, Monroe Township, County of Middlesex, State of New Jersey.

2. Defendant Melt Restaurant Group, LLC, is incorporated in the State of Pennsylvania. Its registered office is located at 4431 Easton Ave., Bethlehem, PA 18020. Melt Restaurant group, LLC, owns and operates Melt Restaurant, located at 2805 Center Valley Parkway, Center Valley, Pennsylvania, 18034.

3. Defendants John Does and Richard Roes are unknown potential defendants who owned, operated, and/or maintained Melt Restaurant.

## JURISDICTION

4. This Court has jurisdiction over this matter by virtue of the diverse citizenship of the parties and because the amount in controversy exceeds $75,000.00 pursuant to 28 U.S.C. § 1332.

## COUNT ONE
## NEGLIGENCE

5. On or about February 8, 2014, Defendants, were the owner or actually in control of a certain premises known as Melt Restaurant located at 2805 Center Valley Parkway, Center Valley, Pennsylvania 18034 (the "Restaurant").

6. On or about February 8, 2014, Carol Ann Zaleski was a business invitee of Defendant's Restaurant when she was caused to fall due to a defective elevator on Defendant's premises, causing her to sustain severe and permanent personal injury.

7. The incident referred to above was caused solely as a result of the negligence of the Defendants, in some of all of the following particulars:

   a. Failing to safely maintain its premises;
   b. Failing to recognize a peculiar and unreasonable risk of physical harm to Plaintiff, and others in Plaintiff's position, in the manner Defendant maintained the elevator where Plaintiff was injured.
   c. Failing to inspect its premises to learn of the existence of the dangerous condition of said elevator which existed at the time of Plaintiff's injuries and for some time prior thereto.
   d. Failing to warn to take precautions against the existence of a special danger to others which Defendant knew, or in the exercise of reasonable care should have known, to be inherent of a defective elevator on their premises
   e. Failing to appreciate that others, including Plaintiff, did not know nor had reason to know of the unsafe condition of the elevator and the unreasonable risk of harm involved in not warning Plaintiff of danger of elevator.
   f. Otherwise failing to use due care under the circumstances, the particulars of which will be revealed through investigation, discovery, and trial of this action.

8. As a direct and proximate result of the aforesaid negligence, carelessness, and omissions of Defendant, Plaintiff, Carol Ann Zaleski, was caused to fall and did sustain serious and permanent injuries of both mind and body, did suffer great pain of mind and body, was

caused to incur medical expenses in an attempt to cure herself of injuries so sustained, will incur future medical expenses due to the permanent nature of the injuries she sustained, was deprived of carrying out her normal and usual activities and affairs for a period of time and was otherwise damaged.

**WHEREFORE**, the Plaintiffs, Carol Ann Zaleski and David Zaleski, hereby demands judgment against Defendants, jointly and severally, for compensatory damages together with interest and costs of suit.

## COUNT TWO
## LOSS OF CONSORTIUM

9. The Plaintiffs incorporate by reference all preceding allegations as set forth herein.

10. Plaintiff, David Zaleski, is the spouse of Plaintiff, Carol Ann Zaleski.

11. As a direct and proximate cause of the negligence of the Defendants, and the consequent injuries of Carol Ann Zaleski, Plaintiff, David Zaleski was deprived of the aid, services, and consortium of his wife.

**WHEREFORE**, the Plaintiffs, Carol Ann Zaleski and David Zaleski, hereby demands judgment against Defendants, jointly and severally, for compensatory damages together with interest and costs of suit.

BACKES & HILL, LLP

_/s/ Michael J. Conlan_
Michael J. Conlan
Identification: PA 68866
3131 Princeton Pike
Building 5, Suite 114
Lawrenceville, NJ  08648
(609) 396-8257
conlan@backesandhill.com

Dated: April 30, 2015