IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROL ANN ZALESKI AND DAVID ZALESKI (h/w),** Plaintiffs, | : CIVIL ACTION : : : |
| v. | : No. 15-2551 : : |
| **MELT RESTAURANT, et al.,** Defendants. | : : : : |

# MEMORANDUM

**Stengel, J.**                                                                                                                                 **May 31, 2016**

The Plaintiffs, Carol and David Zaleski, bring this diversity personal injury suit after Mrs. Zaleski was injured by an elevator on the premises of Defendant Melt Restaurant LLC ("Melt Restaurant"). Defendants National Elevator Inspection Services, Inc. ("National Elevator") and Otis Elevator Company ("Otis") now move to dismiss the Plaintiffs' Amended Complaint. For the following reasons, I will grant the Defendant National Elevator's Motion because it is clear from the face of the Amended Complaint that the Plaintiffs' claims against it are time-barred. I also will grant Defendant Otis' Motion with regards to the Plaintiffs' products liability, negligent manufacture, and loss of consortium claims, as these claims also are time-barred. I will, however, deny Defendant Otis' Motion with regards to the Plaintiffs' Breach of Warranty claim, as it is not clear from the face of the Amended Complaint that these claims are time-barred.

1

I.     BACKGROUND[1]

On February 8, 2014, Mrs. Zaleski was a customer of Defendant Melt Restaurant. Am. Compl. ¶ 9 (Doc. 30).  While in the restaurant, Mrs. Zaleski was injured when an elevator knocked her down.  Id.  As a result of the incident, the Plaintiffs contend that Mrs. Zaleski suffered a "severe and permanent personal injury."  Id.

The Plaintiffs filed their original Complaint on May 8, 2015.  See Doc. No. 1.  In that complaint, they named the Melt Restaurant, John Does 1-10, and Richard Roes 1-10 as defendants.  Id.  Defendant Melt Restaurant filed an Answer to the Plaintiffs' Complaint on July 8, 2015.  See Doc. No. 5.  On August 14, 2015, Melt Restaurant filed a Motion to Join Additional Defendants, in which it sought permission to join National Elevator and Otis as defendants.  Doc. No. 9.  I granted that Motion on August 19, 2015, and on November 10, 2015, Defendant Melt Restaurant filed a Third Party Complaint against National Elevator and Otis.  See Doc. Nos. 13 & 14.

On February 10, 2016, I held a Rule 16 conference with the parties.  During that conference, counsel for the Plaintiffs requested consent from the Court and the Defendants to file an Amended Complaint naming National Elevator and Otis as defendants.  Counsel for both National Elevator and Otis consented to that request, but in doing so, reserved the right to raise all affirmative defenses, including, but not limited to, asserting that the statute of limitations barred the Plaintiffs' suit.  Plaintiffs filed their

---

[1] Because I write mainly for the parties, who are familiar with the factual background, I will only address those facts necessary for the disposition of the pending Motions.  Furthermore, as I must when reviewing a motion to dismiss, I will accept all factual allegations in the Amended Complaint as true and draw all reasonable inferences in favor of the Plaintiffs.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also D.P. Enters. v. Bucks Cnty. Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

y

Amended Complaint, in which they named National Elevator and Otis as defendants, on February 19, 2016.[2]  See Doc. No. 32.

Both National Elevator and Otis now move to dismiss the Plaintiffs' Amended Complaint.  See Doc. Nos. 34 & 36.  They argue, in separate motions, that the Plaintiffs' claims against them are barred by the statute of limitations and, therefore, they should be dismissed.

## II.   STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure examines the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The factual allegations must be sufficient to make the claim for relief more than just speculative.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In deciding a motion to dismiss, I may consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record.  See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  I also may consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss.  Id.

The Federal Rules of Civil Procedure, however, do not require a plaintiff to plead in detail all of the facts upon which she bases her claim.  Conley, 355 U.S. at 47.  Rather, the Rules require a "short and plain statement" of the claim that will give the defendant

---

[2] I also granted the Plaintiffs' Motion nunc pro tunc in an Order dated February 25, 2016, and directed the Clerk to docket the Plaintiff's Amended Complaint that same day.  See Doc. No. 31.  Because the statute of limitations on the Plaintiff's Complaint expired on February 8, 2016, I need not address whether the Amended Complaint was filed on February 19, 2016 or February 25, 2016.

3

fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.  The "complaint must allege facts suggestive of [the proscribed] conduct."  Twombly, 550 U.S. at 564.  Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true.  See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Se. Pa. Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).  The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  A court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Brown v. Card Serv. Ctr., 464 F.3d 450, 456 (3d Cir. 2006)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III.  DISCUSSION

While the Rules of Civil Procedure state that affirmative defenses must be pleaded in the answer, under Third Circuit precedent, a statute of limitations defense may be raised by way of a Rule 12(b) motion.  See Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002).  Such a defense may only be raised in a 12(b) motion, however, "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Id. (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir.1975)) (internal quotation marks omitted).  Thus, the bar must be apparent on the face of the complaint.  Id.  If it "is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule

12(b)(6)." Id. (quoting Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir.1978))(internal quotation marks omitted).

### a. National Elevator Inspection Services

The Plaintiffs' Amended Complaint contains one count against National Elevator for negligence. See Am. Compl. at ¶¶ 12 –16. Under Pennsylvania law, the statute of limitations for a negligence claim is two years. See 42 Pa. C.S.A. § 5524. As I noted above, Mrs. Zaleski was injured on February 8, 2014. Am. Compl. ¶ 9. The Plaintiffs filed their Amended Complaint that, for the first time, named National Elevator as a Defendant, on February 19, 2016. See generally id. Therefore, it is clear from the face of the Amended Complaint that the Plaintiffs' negligence claim is time-barred, as it was filed more than two years after the incident giving rise to their claims against Defendant National Elevator. While the Plaintiffs contend that the statute of limitations was equitably tolled, they do not plead any facts in their Amended Complaint to support this allegation.[3] Nor have they pleaded any facts to support their argument that the claims in their Amended Complaint should relate back to the filing of their original Complaint, as provided by Rule 15(c). Therefore, I will dismiss Count Two of the Amended Complaint against Defendant National Elevator.

Additionally, the Amended Complaint contains one count against National Elevator for loss of consortium. Am. Compl. at ¶¶ 32-34. "Loss of consortium is a

---

[3] Because when addressing a Motion to Dismiss I can only consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss, I cannot consider the allegations contained the Plaintiff's Response to National Elevator's Motion to Dismiss. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Thus, the Plaintiff has provided no facts to support their contention that the statute should be equitably tolled.

derivative claim, and is, therefore, governed by the statute of limitations of the source claim." Watson v. Bd. of Dirs. of William Penn Sch. Dist., No. 05–5760, 2006 WL 2506359, at *3 (E.D. Pa. Aug.29, 2006) (citing Patterson v. Am. Bosch Corp., 914 F.2d 384, 387 n. 4 (3d Cir.1990)).  Because the negligence claim against National Elevator, the source claim for the Plaintiffs' loss of consortium claim, is barred by the statute of limitations, so too is the Plaintiffs' loss of consortium claim.  See Ladyansky v. Cooper Wheelock, Inc., No. 11-CV-102, 2012 WL 1071187, at *3 (E.D. Pa. Mar. 29, 2012) (holding that the statute of limitations for negligence applied to the Ladyansky plaintiff's loss of consortium claim).  Therefore, I will dismiss the loss of consortium claim against National Elevator.

### b. Otis Elevator Company

The Plaintiffs' Amended Complaint also contains four counts against Defendant Otis.[4]  See generally Am. Compl. Count Three contains a products liability claim against Defendant Otis, while Count Four contains a negligent manufacturing claim.  See id. at ¶¶ 17-21; 22-26.  Like the negligence claim against Defendant National Elevator, both of these claims are barred by the two year statute of limitations.  See 42 Pa. C.S.A. § 5524. Furthermore, for the same reasons noted above, I also must dismiss Count Six, which contains the Plaintiffs' loss of consortium claim against Defendant Otis.  See Am. Compl.

---

[4] In its Motion, Defendant Otis incorrectly states that "[t]he only count pleaded in the Amended Complaint against Otis is Count Two for Negligence."  Doc. No. 36 at ¶ 3.  This is simply incorrect. Count Two of the Amended Complaint is the only count against National Elevator Service.  See Am. Compl. ¶¶ 12-16.  Rather, as I note above, there are four counts contained in the Amended Complaint that pertain to Defendant Otis.  Although Defendant Otis' Motion is incorrect in the way it addresses the claims that Plaintiff attempts to assert, I will nonetheless address whether the Plaintiffs' claims against Otis are time-barred.

at ¶¶ 32-34 (noting that the Plaintiffs' claims against Otis for loss of consortium are based upon Otis' alleged negligence).

The Plaintiffs' breach of warranty claim against Defendant Otis, as contained in Count Five, however, may proceed. Under Pennsylvania law, the statute of limitations for a breach of warranty claim is four years. See Ladyansky, 2012 WL 1071187, at *3 n.4. The statute, however, begins to run <u>at the time that the allegedly defective product is tendered or sold.</u> See id. (citing The Knit With v. Knitting Fever, Inc., No. CIV.A.08-4221, 2011 WL 1603118, at *3 (E.D. Pa. Apr. 27, 2011) (E.D. Pa. Mar. 29, 2012)). The Amended Complaint does not aver when the elevator was sold or tendered. Therefore, because it is unclear from the face of the Amended Complaint whether the Plaintiffs' claims are barred by the statute of limitations, I must deny Defendant Otis' Motion to Dismiss with regards to Count Five of the Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, I will grant Defendant National Elevator's Motion to Dismiss and dismiss all claims against it with prejudice. I also will grant Defendant Otis' Motion with regards to Counts Three, Four and Six.[5] Because it is unclear from the face of the Amended Complaint whether the Plaintiffs' breach of warranty claim is time-barred, I will deny Defendant Otis' Motion with regards to Count Five.

An appropriate Order follows.

---

[5] I note that claims by Melt Restaurant for indemnification remain against National Elevator and Otis, as articulated in Melt Restaurant's Third Party Complaint, filed on November 10, 2015. See Doc. No. 14.